UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:23-cv-2770 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEMITRIOUS GRUBBS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.[1]

---

[1] Several courts have found plaintiff to have three strikes pursuant to 28 U.S.C. § 1915(g). See Hammler v. Dignity Health, 1:20-cv-1778 JLT HBK (E.D. Cal. Jan. 24, 2022); Hammler v. California, 1:20-cv-00630 DAD GSA (E.D. Cal. June 4, 2020); Hammler v. Diaz, 1:20-cv-0488 JLT (E.D. Cal. Dec. 10, 2020); Hammler v. Compose, 1:19-cv-1149 DAD GSA (E.D. Cal. Dec. 18, 2019). As discussed herein, plaintiff alleges that on or around the time he filed this action, defendant Grubbs wrongfully sought to have plaintiff involuntarily medicated with Risperidone in violation of the Eighth Amendment. Because this claim may meet the imminent danger exception to § 1915(g), the undersigned grants plaintiff's request to proceed in forma pauperis.

1           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
2    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing
3    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will
4    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
5    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly
6    payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
7    account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
8    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
9    U.S.C. § 1915(b)(2).
10          The court is required to screen complaints brought by prisoners seeking relief against a
11   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
12   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
13   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
14   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
15          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
17   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
18   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
22   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
23   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
24   1227.
25          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
26   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
28   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Dr. Grubbs, Warden Lynch and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR").[2]

Plaintiff alleges that he was sexually assaulted by Correctional Officers Seatern and Drake on May 23, 2023. Plaintiff alleges that he informed mental health staff of the sexual assault on June 6, 2023. Plaintiff appears to allege that after the May 23, 2023 assault, defendant Grubbs prepared reports describing plaintiff as violent, aggressive and a danger to himself and others based on several false rules violation reports.

Plaintiff alleges that on October 5, 2023, he attended a "IDTT." At this meeting, plaintiff spoke about the ongoing abuses. At this meeting, defendant Grubbs laughed. Following the meeting, plaintiff submitted a grievance, which he attaches to the complaint.

Plaintiff alleges that he is scheduled for a hearing on November 29, 2023, wherein defendant Grubbs will request that plaintiff be involuntarily medicated with Risperidone. Plaintiff alleges that doctors at DSH determined that Risperidone has no effect on plaintiff's personality disorder. Plaintiff alleges that defendant Grubbs stated that he does not seek to have this medication forced on plaintiff in order to aid plaintiff's functioning, but instead to stop plaintiff from bringing lawsuits and reporting sexual abuse. Plaintiff alleges that he should not

---

[2] Plaintiff also names doe defendants 1-20. The court will address the claims against the doe defendants after plaintiff provides the identities of the doe defendants.

1 | take Risperidone because it has negative side effects on his heart condition.

2 | Plaintiff's complaint contains three legal claims: 1) retaliation; 2) cruel and unusual
3 | punishment in violation of the Eighth Amendment; and 3) an Eighth Amendment failure-to-
4 | protect claim based on the May 23, 2023 sexual assault.

5 | The undersigned finds that plaintiff's complaint states potentially colorable retaliation and
6 | Eighth Amendment inadequate medical care claims against defendant Grubbs based on
7 | defendant's alleged attempt to have plaintiff involuntarily medicated with Risperidone. For the
8 | reasons stated herein, the remaining claims are dismissed.

9 | Plaintiff's complaint contains no specific allegations against defendants Lynch and CDCR
10 | Secretary. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution . .
> . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

14 | 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
15 | actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
16 | Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983
17 | liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
18 | affirmative link between the incidents of police misconduct and the adoption of any plan or policy
19 | demonstrating their authorization or approval of such misconduct). "A person 'subjects' another
20 | to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative
21 | act, participates in another's affirmative acts or omits to perform an act which he is legally
22 | required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588
23 | F.2d 740, 743 (9th Cir. 1978).

24 | Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
25 | their employees under a theory of respondeat superior and, therefore, when a named defendant
26 | holds a supervisorial position, the causal link between him and the claimed constitutional
27 | violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
28 | (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The claims against defendants Lynch and CDCR Secretary are dismissed because the complaint contains no specific allegations linking these defendants to the alleged deprivations.

Plaintiff appears to allege an Eighth Amendment failure-to-protect claim against defendant Grubbs based on the May 23, 2023 sexual assault.  To state a potentially colorable Eighth Amendment failure-to-protect claim, plaintiff must allege facts demonstrating that (1) he faced a "substantial risk of serious harm" to his health or safety, and (2) that defendants were deliberately indifferent to those risks.  Farmer v. Brennan, 511 U.S. 825, 837 (1994)  To establish deliberate indifference, plaintiff must show that defendants knew of and disregarded a substantial risk of serious harm to his health and safety.  Id.

Regarding the alleged May 23, 2023 sexual assault, plaintiff pleads no facts demonstrating that defendant Grubbs knew of and disregarded a substantial risk of serious harm to plaintiff's health and safety.  For example, plaintiff pleads no facts demonstrating that defendant Grubbs knew that Correctional Officers Seatern and Drake intended to assault plaintiff on May 23, 2023, and failed to act to prevent the assault.  For these reasons, plaintiff's failure-to-protect claim against defendant Grubbs is dismissed.

Plaintiff may proceed forthwith to serve defendant Grubbs with the potentially colorable retaliation and Eighth Amendment inadequate medical care claims or he may delay serving any defendant and attempt to cure the pleadings defects as to his other claims discussed above.

If plaintiff elects to attempt to amend his complaint to cure the pleading defects discussed above, he has thirty days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Grubbs as to the potentially colorable retaliation and Eighth Amendment inadequate medical care claims, he shall return the attached notice within thirty days.  Following receipt of that notice, the court will order service of

1  defendant Grubbs.

2      Plaintiff is advised that in an amended complaint he must clearly identify each defendant
3  and the action that defendant took that violated his constitutional rights.  The court is not required
4  to review exhibits to determine what plaintiff's charging allegations are as to each named
5  defendant.  The charging allegations must be set forth in the amended complaint so defendants
6  have fair notice of the claims plaintiff is presenting.

7      Any amended complaint must show the federal court has jurisdiction, the action is brought
8  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
9  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
10 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
11 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
12 of a constitutional right if he does an act, participates in another's act or omits to perform an act
13 he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the
14 victim of a conspiracy, he must identify the participants and allege their agreement to deprive him
15 of a specific federal constitutional right.

16     In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
17 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
18 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
19 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

20     The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
21 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
22 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
23 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
24 set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema
25 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
26 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must
27 not include any preambles, introductions, argument, speeches, explanations, stories, griping,
28 vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

1    Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
2    violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)
3    (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in
4    prisoner cases). The court (and defendant) should be able to read and understand plaintiff's
5    pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including
6    many defendants with unexplained, tenuous or implausible connection to the alleged
7    constitutional injury, or joining a series of unrelated claims against many defendants, very likely
8    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's
9    action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

10        A district court must construe a pro se pleading "liberally" to determine if it states a claim
11   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
12   opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are
13   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
14   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
15   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
16   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556
17   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

23   Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions
24   can provide the framework of a complaint, they must be supported by factual allegations, and are
25   not entitled to the assumption of truth. Id. at 1950.
26        An amended complaint must be complete in itself without reference to any prior pleading.
27   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)
28   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

7

existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's failure-to-protect claim against defendant Grubbs and all claims against defendants Lynch and CDCR Secretary are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to cure the pleading defects as to these claims.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable retaliation and Eighth Amendment inadequate medical care claims against defendant Grubbs.  See 28 U.S.C. § 1915A.  If plaintiff opts to proceed on his original complaint as to these claims, he shall return

8

the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hamm2770.14(o)

1
2
3
4
5
6
7

8                              UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN HAMMLER,                              No.  2: 23-cv-2770 KJN P

12                  Plaintiff,

13         v.                                    NOTICE

14   DEMITRIOUS GRUBBS, et al.,

15                  Defendants.

16

17   _____  Plaintiff opts to proceed with the original complaint as to the retaliation and Eighth Amendment inadequate medical care claims against defendant Grubbs. Plaintiff consents to the dismissal of the failure-to-protect claim against defendant Grubbs and all claims against defendants Lynch and CDCR Director without prejudice.

18

19   _____

20         OR

21   _____  Plaintiff opts to file an amended complaint and delay service of process.

22   DATED:

23                                               _____
                                                 Plaintiff
24