UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEMITRIOUS GRUBBS, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-2770 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to preserve video footage.  (ECF No. 14.)  For the reasons stated herein, this motion is denied.

　　　　On January 10, 2024, the court ordered service of defendant Grubbs, a psychiatrist at California State Prison-Sacramento ("CSP-Sac"), as to plaintiff's retaliation and Eighth Amendment inadequate medical care claims based on defendant's alleged attempt to have plaintiff involuntarily medicated with Risperidone.  (ECF No. 10.)  In the complaint, plaintiff alleged that defendant Grubbs took these actions to prevent plaintiff from bringing lawsuits and reporting sexual abuse.  (ECF No. 1.)

　　　　On February 9, 2024, the California Department of Corrections and Rehabilitation ("CDCR") filed a notice of intent to waive service on behalf of defendant Grubbs.  (ECF No. 13.)  Defendant Grubbs has not otherwise appeared in this action.

Plaintiff filed the pending motion on February 20, 2024.  (ECF No. 14.)  In this motion, plaintiff requests that the court order the CDCR Secretary to preserve video footage from dates listed on exhibits attached to the pending motion.  (Id. at 1.)  Plaintiff alleges that CDCR has a policy allowing video footage to be retained for 90 days unless the video footage is flagged.  (Id. at 3.)  Plaintiff alleges that he saw a report stating that the Attorney General's Office discovered that CSP-Sac and other facilities destroy video footage.  (Id. at 3-4.)

In the pending motion, plaintiff alleges that CSP-Sac staff refused to act on plaintiff's request to preserve the at-issue video footage.  (Id.)  In support of this claim, plaintiff refers to grievance no. 488159 attached to the motion as exhibit A.  (Id.)  Plaintiff submitted grievance no. 488159 on December 4, 2023.  (Id. at 9.)  In this grievance, plaintiff requested that video footage, identified in the grievance, be sent to attorney Atkins or that the grievance reviewer admit the truth of various allegations.  (Id.)  Attached to the pending motion is a response to grievance no. 488159 dated February 1, 2024.  (Id. at 7.)  The response states that plaintiff's request was redirected to appropriate staff and will be addressed by appropriate staff at CSP-Sac, as determined by the Reviewing Authority.  (Id.)

A party is under an ongoing duty to preserve evidence which it knows or reasonably should know is relevant to an action.  See Oracle Am., Inc. v. Hewlett Packard Enter. Co., 328 F.R.D. 543, 549 (N.D. Cal. 2018) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.") (citation omitted).  "[T]he duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to the anticipated litigation."  Id. (citation omitted).  This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is generally sufficient to secure the preservation of relevant evidence.  See Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991).

At this early stage of the litigation when defendant has not appeared, plaintiff's motion to preserve evidence is premature.  Once defendant enters his appearance in this action, plaintiff

////

////

may renew his motion.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to preserve video footage (ECF No. 14) is denied without prejudice.

Dated: February 22, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Hamm2770.ord

kc

---

[1] If plaintiff renews his motion, plaintiff shall address how each video identified is relevant to the claims raised in the complaint.