UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:23-cv-2770 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEMITRIOUS GRUBBS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief filed February 15, 2024.  (ECF No. 16.)  For the reasons stated herein, this court recommends that plaintiff's motion for injunctive relief be denied.

Legal Standard for Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Id. at 20.  The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff

1

can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low.  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.).

Background

*Claims On Which This Action Proceeds*

On January 10, 2024, the court ordered service of defendant Grubbs, a psychiatrist at California State Prison-Sacramento ("CSP-Sac"), as to plaintiff's retaliation and Eighth Amendment inadequate medical care claims based on defendant's alleged attempt to have plaintiff involuntarily medicated with Risperidone.  (ECF No. 10.)  In the complaint, plaintiff alleged that defendant Grubbs took these actions to prevent plaintiff from bringing lawsuits and reporting sexual abuse.  (ECF No. 1.)

*Pending Motion*

In the pending motion, plaintiff requests that the court order the California Department of Corrections and Rehabilitation ("CDCR") to retain plaintiff at CSP-Sac in the PHU-Z-Unit, the administrative segregation ("ad seg") unit, until a formal hearing can be held.  (ECF No. 16 at 1.)  Plaintiff alleges that defendant Grubbs seeks to have plaintiff involuntarily medicated to stop plaintiff from bringing lawsuits.  (Id. at 3.)  Plaintiff alleges that he engaged in nonviolent protests regarding his involuntary medication that resulted in staff assaults.  (Id.)  Plaintiff appears to claim that his protests are the only reason he has not been transferred.  (Id. at 3-4.)

In the pending motion, plaintiff also alleges that he filed a motion for injunctive relief in 2:20-cv-1890 KJM JDP.  (Id. at 4.)  Plaintiff alleges that the magistrate judge in 2:20-cv-1890 refused to rule on his motion.  (Id.)  Plaintiff requests that the court order his retention at CSP-Sac until the magistrate judge rules on his motion for injunctive relief filed in 2:20-cv-1890.  (Id.)

////

Discussion

This court first discusses the record in 2:20-cv-1890.[1] In 2:20-cv-1890, plaintiff brought a variety of claims related to a gang murder of another inmate that he allegedly witnessed on March 9, 2019. (2:20-cv-1890 at ECF No. 28.) On February 1, 2023, plaintiff filed a motion for injunctive relief seeking to enjoin defendants from transferring him to California State Prison-Corcoran ("Corcoran"). (Id. at ECF No. 31.) Plaintiff claimed that being sent to Corcoran would hamper his ability to litigate the action because the legal resources there were insufficient to support his litigation. (Id. at ECF No. 31.) Plaintiff also claimed that his safety would be endangered at Corcoran because he had a list of correctional officers at that institution whose culpability would be at issue in 2:20-cv-1890. (Id. at ECF No. 31.) Plaintiff also claimed that there were a greater number of prison gang members at Corcoran who belonged to the gang that allegedly facilitated the murder at the center of 2:20-cv-1890. (Id. at ECF No. 31.)

In 2:20-cv-1890, on July 18, 2023, the magistrate judge recommended that plaintiff's motion for injunctive relief, filed February 1, 2023, be denied. (Id. at ECF No. 53.) On February 15, 2024, the Honorable Kimberly J. Mueller adopted the July 18, 2023, findings and recommendations. (Id. at ECF No. 69.)

Contrary to plaintiff's claim in the pending motion, his motion for injunctive relief filed in 2:20-cv-1890 is resolved. Moreover, the claims raised in 2:20-cv-1890 are unrelated to the claims raised in the instant action. For these reasons, plaintiff's pending motion for injunctive relief on the grounds that the court failed to rule on his motion for injunctive relief filed in 2:20-cv-1890 should be denied.

In the pending motion, plaintiff requests that the court order his retention at CSP-Sac until a formal hearing can be held. Plaintiff does not explain the purpose of a formal hearing or whether a formal hearing is scheduled. Plaintiff also fails to specifically address why he should not be transferred away from CSP-Sac. Plaintiff also fails to address defendant Grubb's involvement in the transfer process.

---

[1] This court takes judicial notice of the record in 2:20-cv-1890 pursuant to Federal Rule of Evidence 201.

1       Based on the vague and conclusory allegations in the pending motion, this court finds that plaintiff fails to demonstrate that he is likely to suffer irreparable harm in the absence of an order prohibiting his transfer until after a formal hearing, that he is likely to succeed on the merits, that the balance of hardships tips in his favor or that an injunction would be in the public interest.

      For all the reasons discussed above, this court recommends that plaintiff's motion for injunctive relief be denied.

      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

      IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 16) be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 6, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Hamm2770.inj

4