UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>  Plaintiff,<br><br>  v.<br><br>DEMITRIOUS GRUBBS, et al.,<br><br>  Defendants. | No. 2:23-cv-2770 DJC CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I.      Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for a preliminary injunction and temporary restraining order filed June 25, 2024.  (ECF No. 27.)  For the reasons stated herein, this Court recommends that plaintiff's motion for injunctive relief be denied.

II.     Legal Standards for Injunctive Relief

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

1

Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  E.D. Cal. Local Rule 231(a)-(b).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Plaintiff bears the burden of clearly satisfying all four prongs.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible--a showing of likelihood is required. Id. at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.    Claims On Which This Action Proceeds

On November 30, 2023, plaintiff filed the underlying complaint. (ECF No. 1.) On January 10, 2024, the Court screened the complaint and found that the complaint pled a cognizable retaliation claim and an Eighth Amendment inadequate medical care claim against defendant Grubbs, a psychiatrist at California State Prison-Sacramento ("CSP-Sac") based on defendant's alleged attempts to have plaintiff involuntarily medicated with Risperidone. (ECF No. 10.) In the complaint, plaintiff alleged that defendant Grubbs took these actions to prevent plaintiff from bringing lawsuits and reporting sexual abuse. (ECF No. 1.) The Court ordered service of the complaint on defendant Grubbs. (ECF No. 10.)

On February 9, 2024, defendant Grubbs filed a notice of intent to waive service. (ECF No. 13.) On March 14, 2024, the Court referred this action to the Post-Screening ADR Project. (ECF No. 19.) On May 15, 2024, the Court granted defendant's motion to opt out of the Post-Screening ADR Project. (ECF No. 24.) Defendant's response to the complaint is due on or before July 12, 2024. (ECF No. 26.)

IV.    Discussion

At the outset, this Court observes that plaintiff is now incarcerated at a different prison than CSP-Sac, the prison where defendant Grubbs is located and where the misconduct alleged in

3

the complaint occurred.  On April 10, 2024, after plaintiff filed a notice updating his address in a different case, the Clerk of the Court updated the court's docket in this action to reflect that plaintiff is incarcerated at Pelican Bay State Prison.  In the pending motion, signed by plaintiff on June 12, 2024, plaintiff indicates that he is incarcerated at Kern Valley State Prison.  (ECF No. 27.)  California Department of Corrections and Rehabilitation ("CDCR") records indicate that plaintiff is now incarcerated at the California Medical Facility.  See https://apps.cdcr.ca.gov/ciris/results?cdcrNumber=F73072.  This Court herein directs the Clerk of the Court to update court records to reflect plaintiff's current address at the California Medical Facility.

In the pending motion for a preliminary injunction and temporary restraining order, plaintiff alleges that on January 24, 2024, a hearing was held at CSP-Sac pursuant to California Penal Code § 2602.  (ECF No. 27 at 3.)  California Penal Code § 2602 contains procedures for the administration of psychiatric medication to prisoners without consent.  Plaintiff alleges that the administrative court denied the request for his involuntary medication, brought in part by defendant Grubbs, due to "no prima facie case."  (Id.)

In his motion, Plaintiff alleges that since May 9, 2024, he has been held in a hospital crisis bed, apparently at Kern Valley State Prison.  (Id. at 6.)  Plaintiff alleges that there are plans to send plaintiff to acute treatment and to renew the Penal Code § 2602 petition.  (Id.)  Plaintiff alleges that at a meeting held on June 12, 2024, plaintiff's treatment team told CDCR headquarters that plaintiff did not meet the criteria for California Penal Code § 2602 or acute treatment.  (Id.)  Plaintiff alleges that CDCR headquarters has the power to override the Kern Valley State Prison team.  (Id.)  Plaintiff alleges that the Vitek hearing to send plaintiff to acute treatment will be held on June 19, 2024.[1]  (Id. at 7.)  Plaintiff alleges that once he is at acute treatment, he will be forcefully medicated, leaving plaintiff unable to rationalize, write and prosecute the instant action.  (Id.)

---

[1] In Vitek v. Jones, 445 U.S. 480, 493-96 (1980), the Supreme Court held that an involuntary-transfer of a state prisoner to a state mental hospital implicated his liberty interests under the Due Process Clause of the Fourteenth Amendment sufficient to require certain procedural safeguards prior to transfer.

1    As relief, plaintiff requests that the Court order the Secretary of CDCR to forego "any and all Penal Code § 2602 proceedings and/or transferring of plaintiff to hospital for mental health treatments." (Id. at 1.)

Plaintiff's motion seeks injunctive relief against the Secretary of CDCR, who is not a defendant in this action. The only defendant in this action is defendant Grubbs, a psychiatrist at CSP-Sac. The Court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). For this reason, plaintiff's motion for injunctive relief should be denied.

In the pending motion, plaintiff also requests that the Court invoke the All Writs Act in order to grant the relief sought. (ECF No. 27 at 9-10.) Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted). "Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case." Espey v. Deuel Vocational Inst., 2014 WL 2109949, at *2 (E.D. Cal. May 20, 2014), report and recommendation adopted, 2014 WL 2893207 (E.D. Cal. June 25, 2014) (citations omitted).

This Court finds that use of the All Writs Act is improper because plaintiff's motion appears moot, at least in part, because plaintiff was transferred from Kern Valley State Prison to California Medical Facility rather than to a state mental hospital and because the date has passed for the June 19, 2024 hearing identified in the motion. Moreover, the pending motion is not based on conditions at California Medical Facility, but conditions at Kern Valley State Prison. For this reason, use of the All Writs Act is also not warranted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall amend court

5

records to reflect plaintiff's new address at California Medical Facility; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 27, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hamm2770.inj(2)

2