UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEMITRIOUS GRUBBS, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-2770 DJC CSK P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983. A district court may sua sponte raise the issue of lack of subject matter jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Federal courts lack subject matter jurisdiction over moot claims. See Bishop Paiute Tribe v. Inyo County, 863 F.3d 1144, 1155 (9th Cir. 2017) ("A federal court lacks jurisdiction to hear a case that is moot."). For the following reasons, plaintiff is ordered to show cause within thirty days of the date of this order why this action should not be dismissed as moot.

II. Plaintiff's Complaint

This action proceeds on plaintiff's complaint filed November 30, 2023 against defendant Demitrious Grubbs, a psychiatrist at California State Prison-Sacramento ("CSP-Sac"), as to

1

plaintiff's retaliation and Eighth Amendment inadequate medical care claims based on defendant's alleged attempt to have plaintiff involuntarily medicated with Risperidone. (ECF Nos. 1, 10.) Plaintiff alleges that plaintiff was sexually assaulted by CSP-Sac correctional officers on May 23, 2023. (ECF No. 1 at 4.) Plaintiff voiced his concerns regarding the alleged assault to the mental health staff at the Treatment Team Committee meeting on June 6, 2023. (Id.) Plaintiff later filed a grievance based on the failure of the staff to protect him from retaliatory treatment by his abusers. (Id.) Plaintiff alleges that he began receiving false rules violation reports in an attempt to have plaintiff viewed as violent and aggressive. (Id. at 5.)

On October 5, 2023, plaintiff attended another Treatment Team meeting. (Id.) Plaintiff told the committee about the ongoing abuses. (Id.) During this meeting, defendant Grubbs burst out laughing at plaintiff. (Id.) On November 4, 2023, plaintiff filed a grievance raising, in part, his claims regarding defendant Grubbs' behavior at the October 5, 2023 meeting. (Id. at 6-13.) In this grievance, plaintiff also claimed that defendant Grubbs initiated proceedings pursuant to California Penal Code § 2602 to have plaintiff involuntarily medicated in order to prevent plaintiff from reporting the sexual assaults to the Office of the District Attorney.[1] (Id. at 12.)

Plaintiff alleges that he was advised that he would be taken to the § 2602 hearing on November 29, 2023. (Id. at 14.) Plaintiff alleges that he has a personality disorder that cannot be treated with anti-psychotic medication. (Id.) Plaintiff claims that defendant Grubbs stated that she was seeking to force plaintiff to take Risperidone, a drug that has no effect on personality disorders. (Id. at 16.) Plaintiff alleges that defendant Grubbs stated that she did not want plaintiff to take Risperidone in order to aid plaintiff to function at a plateau, but to stop plaintiff from bringing lawsuits. (Id.) Plaintiff alleges that defendant Grubbs sought to force plaintiff to take medication that would prevent plaintiff from forming thoughts and being able to draft complaints. (Id.) Plaintiff alleges that plaintiff has a heart condition and that a side effect of Risperidone, i.e., fast or irregular pulse, can cause death to plaintiff. (Id.) Plaintiff alleges that defendant Grubbs wants to prevent plaintiff from reporting ongoing sexual abuse. (Id. at 17.)

---

[1] California Penal Code § 2602 contains procedures for the administration of psychiatric medication to prisoners without consent.

2

1    As relief, plaintiff requests that the court order the postponement of the § 2602 hearing
2    and show cause why the hearing is justified. (Id. at 19-20.)

III. Background

On December 21, 2023, the Court issued an order screening plaintiff's complaint. (ECF No. 6.) The Court found that plaintiff's complaint stated potentially colorable retaliation and Eighth Amendment claims against defendant Grubbs based on defendant's alleged attempt to have plaintiff involuntarily medicated with Risperidone. (Id.) The Court dismissed the remaining claims with thirty days to file an amended complaint. (Id.) On January 8, 2024, plaintiff informed the Court that he wished to proceed on only the potentially colorable retaliation and Eighth Amendment claims against defendant Grubbs raised in the complaint. (ECF No. 9.) On January 10, 2024, the Court ordered service of defendant Grubbs. (ECF No. 10.)

On March 14, 2024, the Court referred this action to the Post-Screening ADR Project. (ECF No. 19.) On May 15, 2024, the Court granted defendant's motion to opt out of the Post-Screening ADR Project and ordered defendant to file a response to plaintiff's complaint within thirty days. (ECF No. 24.) On May 23, 2024, the Court granted defendant a thirty-days extension of time to file a response to plaintiff's complaint. (ECF No. 26.) On July 11, 2024, defendant filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. §1915(g). (ECF No. 29.) On August 5, 2024, plaintiff filed an opposition to defendant's motion to revoke his in forma pauperis status. (ECF No. 30.) On August 13, 2024, defendant filed a reply. (ECF No. 32.)

This Court also observes that during the pendency of this action, plaintiff filed two motions for injunctive relief. On February 15, 2024, plaintiff filed his first motion for injunctive relief. (ECF No. 16.) In this motion, plaintiff requested that the Court order the California Department of Corrections and Rehabilitation ("CDCR") to retain plaintiff at CSP-Sac in the PHU-Z Unit until a formal hearing could be held. (Id. at 1.) Plaintiff also claimed that the Court refused to rule on his motion for injunctive relief filed in case no. 2:20-cv-1890 KJM JDP P. (Id. at 4.) On April 11, 2024, the Court denied plaintiff's motion for injunctive relief filed on February 15, 2024. (ECF No. 21.)

On June 25, 2024, plaintiff filed his second motion for injunctive relief.  (ECF No. 27.)  In this motion, plaintiff alleged that on January 24, 2024, a hearing was held at CSP-Sac pursuant to California Penal Code § 2602.  (Id. at 3.)  Plaintiff alleged that the administrative court denied the request for his involuntary medication, brought in part by defendant Grubbs, due to "no prima facie case."  (Id.)  Plaintiff also alleged that since May 9, 2024, he had been held in a hospital crisis bed, apparently at Kern Valley State Prison.  (Id. at 6.)  Plaintiff alleged that there were plans to send plaintiff to acute treatment and to renew the Penal Code § 2602 petition.  (Id.)  Plaintiff alleged that the Vitek hearing to send plaintiff to acute treatment was to be held on June 19, 2024.[2]  (Id. at 7.)  As relief, plaintiff requested that the Court order the Secretary of CDCR to forego "any and all Penal Code § 2602 proceedings and/or transferring of plaintiff to hospital for mental health treatments."  (Id.)

On June 27, 2024, this Court recommended that plaintiff's motion for injunctive relief and temporary restraining order filed June 25, 2024 be denied.  (ECF No. 28.)  This Court observed that plaintiff was no longer housed at CSP-Sac, where defendant Grubbs was located and the misconduct alleged in the complaint occurred.  (Id. at 3-4.)  This Court also observed that CDCR records indicated that plaintiff was now housed at the California Medical Facility.  (Id. at 4.)  This Court recommended that plaintiff's motion for injunctive be denied because plaintiff sought injunctive relief against the Secretary of CDCR, who is not a party to this action.  See Zenith v. Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  (Id. at 5.)  This Court also rejected plaintiff's request for use of the All Writs Act because plaintiff's motion appeared moot, at least in part, because plaintiff was transferred from Kern Valley State Prison to the California Medical Facility rather than to a state mental hospital and because the date passed for the June 19, 2024 hearing identified in the motion.  (Id.)  In addition, the pending motion was not based on conditions at the California Medical Facility, but conditions at Kern Valley State Prison.  (Id.)  The June 27, 2024 findings and recommendations are now pending in the district court.

---

[2] In Vitek v. Jones, 445 U.S. 480, 493-96 (1980), the Supreme Court held that an involuntary transfer of a state prisoner to a state mental hospital implicated his liberty interests under the Due Process Clause of the Fourteenth Amendment sufficient to require certain procedural safeguards prior to transfer.

IV. Discussion

Article III of the United States Constitution limits federal judicial review to actual cases or controversies. U.S. Cont. art. III, § 2. The Supreme Court has held that the case-or-controversy requirement exists throughout all stages of federal judicial proceedings, both trial and appellate. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Accordingly, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 478 (1990) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477)). If a party is unable to maintain a "personal stake" in the outcome of the lawsuit, the claim becomes moot. Id. at 7–8.

There is an exception to the mootness doctrine for situations that are "capable of repetition yet evading review." United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009) (quoting Gerstein v. Pugh, 420 U.S. 103, 111 n. 11 (1975)). For the controversies "capable of repetition, yet evading review" exception to the mootness doctrine to apply, a plaintiff must show: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 170 (2016) (internal citations omitted). Relevant to the instant matter, the possibility that an incarcerated plaintiff could be transferred back to a specific prison is generally not substantial enough to warrant application of this mootness exception. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (citation omitted) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."); Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1995) (holding a prisoner's "claim that he might be transferred back [to the same prison] some time in the future [was] 'too speculative' to prevent mootness").

In the instant action, plaintiff seeks injunctive relief only. As discussed above, in the complaint plaintiff requests that the Court order the postponement of the § 2602 hearing

requested by defendant Grubbs at CSP-Sac and for defendant Grubbs to show cause why the hearing is justified.  Plaintiff is no longer housed at CSP-Sac, where defendant Grubbs is located and the alleged deprivations occurred.  Moreover, in his June 25, 2024 motion for injunctive relief, plaintiff alleged that on January 24, 2024, a hearing was held at CSP-Sac pursuant California Penal Code § 2602.  Plaintiff claimed that at the January 24, 2024 hearing, the administrative court denied the request for his involuntary medication, brought in part by defendant Grubbs, due to "no prima facie case."  Based on these circumstances, plaintiff's request for injunctive relief requested in his complaint appears moot.  Accordingly, plaintiff is ordered to show cause why this action should not be dismissed as moot.  Following resolution of this jurisdictional issue, the Court will address defendant's motion to revoke plaintiff's in forma pauperis status if appropriate.

  Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed as moot.

Dated:  08/16/24

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hamm2770.osc

2