UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:23-cv-2770 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| DEMITRIOUS GRUBBS, et al., | |
| Defendants. | |

**I. INTRODUCTION**

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the following reasons, all claims raised in the amended complaint filed January 3, 2025 are stricken, but for the potentially colorable Eighth Amendment inadequate medical care and retaliation claims against defendant Grubbs based on defendant Grubbs' alleged attempt to have plaintiff involuntarily medicated with Risperidone.  Defendant Grubbs is ordered to file a response to these potentially colorable Eighth Amendment inadequate medical care and retaliation claims raised in the amended complaint within thirty days of the date of this order.

**II. BACKGROUND**

    Pursuant to the mailbox rule, plaintiff filed the original complaint on November 26, 2023, seeking injunctive relief only.  (ECF No. 1).  On January 10, 2024, the Court ordered service of defendant Grubbs as to plaintiff's potentially colorable Eighth Amendment inadequate medical

1

care and retaliation claims against defendant Grubbs based on defendant Grubbs' alleged attempt to have plaintiff involuntarily medicated with Risperidone. (ECF No. 10.)

On July 11, 2024, defendant Grubbs filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 29.) On October 21, 2024, this Court recommended that defendant's motion to revoke plaintiff's in forma pauperis status be denied. (ECF No. 35.) This Court also recommended dismissal of plaintiff's request for injunctive relief raised in the complaint as moot because plaintiff was no longer housed at California State Prison-Sacramento ("CSP-Sac") where the alleged deprivations occurred. (Id. at 15-17.) This Court recommended that plaintiff be granted thirty days to file an amended complaint seeking money damages as to his Eighth Amendment inadequate medical care and retaliation claims against defendant Grubbs based on defendant Grubbs' alleged attempt to have plaintiff involuntarily medicated with Risperidone. (Id. at 18, 20.)

On January 10, 2025, the District Court adopted the October 21, 2024 findings and recommendations. (ECF No. 39) The District Court granted plaintiff thirty days to file an amended complaint raising his Eighth Amendment and retaliation claims against defendant Grubbs and a request for money damages only. (Id.) Thirty days passed from January 10, 2025 and plaintiff did not file an amended complaint. However, plaintiff filed an amended complaint on January 3, 2025. (ECF No. 38.) Accordingly, this Court screens the amended complaint filed January 3, 2025.

**III. AMENDED COMPLAINT**

**A. Screening Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
6  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
7  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
8  1227.
9        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
13  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
14  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
15  sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
16  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
18  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
19  quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
20  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
21  pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
22  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
23        **B. Discussion**
24        Plaintiff's amended complaint seeks money damages and raises the same potentially
25  colorable Eighth Amendment inadequate medical care and retaliation claims raised in the original
26  complaint against defendant Grubbs based on defendant Grubb's alleged attempt to have plaintiff
27  involuntarily medicated with Risperidone. Accordingly, defendant Grubbs is ordered to file a
28  response to these potentially colorable claims within thirty days of the date of this order.

Plaintiff's amended complaint names new defendants: R. Ozbayrak, N. Bagul, P. Nathy, CSP-Sac Psychiatric Technician Balmilero, CSP-Sac Correctional Counselor P. Gonzalez, Warden Lynch, CDCR Secretary Macomber, CDCR Legal Affairs Department employees Stark, Neill, Snyder, Barrio and Sobe, Sacramento County District Attorney T. Ho, and doe defendants 1-40. (ECF No. 38 at 3-4.) The amended complaint includes new claims regarding events occurring both before and after the filing of the original complaint. For example, plaintiff includes claims regarding an agreement plaintiff allegedly entered into with defendant Grubbs on November 14, 2023, in which defendant Grubbs agreed to forego the Section 2602[1] process if plaintiff agreed to take Zyprexa. (Id. at 24.) The amended complaint also includes claims regarding the Section 2602 hearing allegedly held on January 24, 2024. Plaintiff claims that at this hearing, defendant Nathy appeared in place of defendant Grubbs, who had been transferred. (Id. at 29.) Plaintiff claims that defendant Nathy falsely told the administrative law judge that defendant Nathy had earlier met with plaintiff to evaluate plaintiff for the hearing. (Id.) The amended complaint raises the following legal claims: 1) retaliation; 2) violation of Eighth Amendment based on "deliberate indifference to imminent danger(s), sexual abuse and rape trauma;" 3) breach of contract; 4) slander/libel; 5) negligence; and 6) intentional infliction of emotional distress. (Id. at 37-49.)

Because plaintiff's amended complaint includes new claims regarding events occurring both before and after the filing of the original complaint, this Court finds that plaintiff seeks to both amend and supplement the original complaint. See Federal Rule of Civil Procedure 15(a), (d). As discussed above, plaintiff was granted leave to file an amended complaint seeking money damages only as to his Eighth Amendment inadequate medical care and retaliation claims against defendant Grubbs based on defendant Grubbs' alleged attempt to have plaintiff involuntarily medicated with Risperidone. (ECF No. 39.) Plaintiff's amended complaint violates the order granting plaintiff leave to amend because the amended complaint adds new claims and new defendants. If plaintiff desires to add new claims and new defendants, plaintiff may seek leave to

---

[1] Section 2602 refers to California Penal Code § 2602 which contains procedures under which prisoners may be involuntarily medicated.

4

amend and/or supplement his complaint in accordance with Federal Rule of Civil Procedure 15(a), (d) and Local Rule 220, which require that a proposed amended and/or supplemental complaint be accompanied by a motion for leave to file an amended and/or supplemental complaint. Because plaintiff failed to file a motion seeking leave to file an amended and/or supplemental complaint, the new claims and new defendants in the amended complaint are stricken.

Accordingly, IT IS HEREBY ORDERED that:

1. All claims raised in the amended complaint filed January 3, 2025 are stricken, except for the potentially colorable Eighth Amendment inadequate medical care and retaliation claims against defendant Grubbs based on defendant Grubbs' alleged attempt to have plaintiff involuntarily medicated with Risperidone; and

2. Within thirty days of the date of this order, defendant Grubbs shall file a response to the potentially colorable Eighth Amendment inadequate medical care and retaliation claims raised in the amended complaint based on defendant Grubbs' alleged attempt to have plaintiff involuntarily medicated with Risperidone.

Dated: March 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hamm2770.ame/2

5