1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEMITRIOUS GRUBBS,<br><br>                    Defendant. | No.  2:23-cv-2770 DJC CSK P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  For the following reasons, this Court recommends that this action be dismissed based on plaintiff's failure to prosecute.

On April 14, 2025, defendant filed a motion to dismiss.  (ECF No. 43.)  On May 19, 2025, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  (ECF No. 44.)  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  (Id.)  Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Id.)

1

On June 2, 2025, plaintiff filed a motion for a thirty-day extension of time to file his opposition.  (ECF No. 45.)  On June 5, 2025, this Court granted plaintiff a thirty-day extension of time to file his opposition.  (ECF No. 46.)  Thirty days passed and plaintiff did not file his opposition.  On July 17, 2025, this Court ordered that if plaintiff did not file his opposition within thirty days, this Court would recommend dismissal of this action for the reasons stated in the order filed May 19, 2025.  (ECF No. 47.)  Thirty days again passed and plaintiff did not file his opposition.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  See Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, in determining to recommend that this action be dismissed, the Court considered the five factors set forth above.  Defendant filed a motion to dismiss this action, alleging that plaintiff's first amended complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 43.)  Plaintiff's failure to comply with the Local Rules and the Court's May 19, 2025 and July 17, 2025 orders suggests that he abandoned this action and that further time spent by the Court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendant from

plaintiff's failure to oppose the motion, is neutral.  While plaintiff's failure to oppose the motion could delay resolution of this action, and a presumption of injury arises from the unreasonable delay in prosecuting an action, <u>Anderson v. Air W.</u>, 542 F.2d 522, 524 (9th Cir. 1976), plaintiff was also warned that the failure to oppose the motion could result in granting the motion and dismissal of the action, which would not prejudice defendant.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.

The fifth factor favors dismissal.  The Court advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  This Court finds no suitable alternative to dismissal of this action.

Therefore, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal, and the third factor is neutral.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice based on plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 22, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hamm2770.nopfr/2